IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GEORGE SMITH, ID # 576067,         )<br>          Plaintiff,         )<br>vs.         )<br>         )<br>SHERIFF JIM BOWLES, et al.,         )<br>          Defendants.         ) | No. 3:06-CV-1189-N(BH) |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

### I. BACKGROUND

Plaintiff is currently incarcerated in the Neal Unit of the Texas Department of Criminal Justice-Institutional Division. On July 6, 2006, he filed the instant action under 42 U.S.C. § 1983 against Jim Bowles, the former Sheriff in charge of the Dallas County jail. (*See* Compl. at 1, 2). He asserts claims of negligence, personal injury and denial of proper medical care under state and federal law which arose while he was incarcerated at the Dallas County jail. (*Id.*) He further alleges that he contracted a staph infection on April 25, 2003 and because he did not receive proper medical attention until May 2, 2003, the second toe of his right foot had to be amputated. (Compl. at 3). Plaintiff seeks monetary damages as well as injunctive and declaratory relief. (Compl. at 4, 5). No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Because he is proceeding *in forma pauperis*, plaintiff's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

## III. STATUTE OF LIMITATIONS

Plaintiff has brought this action pursuant to 42 U.S.C. § 1983. (*See* Compl. at 1). That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas*

2

*v. Bradshaw,* 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

In this instance, the alleged acts upon which the instant litigation is based occurred on or about April 25, 2003 and May 2, 2003. The delay between the dates of the alleged acts and omissions and the date plaintiff filed the instant action July 3, 2006 prompts consideration of the timeliness of the instant action. "Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). In such circumstances, courts may also dismiss the claims under § 1915A when it applies. *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-21 (5th Cir. 1998). The Court "may raise the defense of limitations *sua sponte*." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

"The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir.), *cert. denied*, 534 U.S. 820 (2001). In view of Texas' two-year statute of limitations for personal injury claims, TEX. CIV. PRAC. & REM. CODE § 16.003, plaintiff "had two years to file suit from the date" that his § 1983 claims accrued. *Id.*; *see also, Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

Accrual of a § 1983 claim is governed by federal law:

Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.' A plaintiff's awareness encompasses two elements: '(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions.' A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim.

>Actual knowledge is not required 'if the circumstances would lead a reasonable person to investigate further.'

*Piotrowski*, 237 F.3d at 576 (citations omitted). In other words, "[t]he cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

In this instance, plaintiff's claims fall outside the applicable statutes of limitation. Plaintiff's complaint establishes that he knew the facts that form the basis for his claims in late April 2003 and early May 2003 when the alleged acts and omissions were allegedly occurring. However, plaintiff did not file the instant suit until three years and two months later, on July 3, 2006. It thus appears that his § 1983 causes of action are time-barred. The Court may therefore summarily dismiss these claims as untimely. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (holding that court may summarily dismiss the complaint filed *in forma pauperis*, if it is "clear" that claims asserted are barred by limitations).

### IV. TOLLING

Although the instant action appears time-barred, the applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Id.* "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *See FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted).

4

Under Texas law, imprisonment is no longer a "disability that toll[s] the running of the limitations period." *Slack v. Carpenter*, 7 F.3d 418, 419 (5th Cir. 1993). Furthermore, Texas courts have not extended equitable tolling principles to *pro se* litigants for their ignorance of the law. In addition, nothing in federal law supports tolling the limitations period. Under federal law, neither ignorance of law nor lack of counsel qualifies a litigant for equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). Further, federal law requires that litigants diligently pursue their actions before equitable tolling becomes available. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). If not tolled, limitations generally continue "to run until the suit is commenced by the filing of the plaintiff's complaint in the clerk's office." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

In this case, Plaintiff filed the instant action after the applicable statutes of limitations had expired. He provides no explanation for the delay in filing. No does he show anything that prevented him from timely filing this action. Thus, there appears to be no basis for equitable tolling under Texas or federal law. "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Consequently, his claims should be dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A for his failure to file them within the statutory periods of limitations.

## V. PENDENT STATE-LAW CLAIMS

Plaintiff also asserts claims of negligence and personal injury against Sheriff Bowles under state law. (*See* Compl. at 1). Section 1367 of Title 28 of the United States Code permits federal courts to exercise supplemental jurisdiction over pendent state claims. Whether to exercise such jurisdiction after dismissing the underlying federal claims is a matter left to the sound discretion of

5

the Court. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000). When the Court dismisses the federal claims at a preliminary stage of litigation, judicial economy argues against the exercise of pendent or supplemental jurisdiction over state claims. *See LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986).

In this instance, if the Court dismisses plaintiff's federal claims in accordance with these findings and recommendation, it should decline to exercise pendent or supplemental jurisdiction over his state law claims. The Court should dismiss the state claims without prejudice to plaintiff pursuing them in state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

## VI. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court **DISMISS** plaintiff's claims with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure of plaintiff to file them within the statutory period of limitations. Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[1] It is further recommended that the Court summarily **DISMISS** the pendent state claims without prejudice to plaintiff pursuing them in state court.

---

[1] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**Signed this 12th day of April, 2007.**

---
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

---
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE